Filed 2/14/22  P. v. Hernandez CA2/7
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RICARDO HERNANDEZ,<br><br>Defendant and Appellant. | B303608<br><br>(Los Angeles County<br>Super. Ct. No. BA285268) |

APPEAL from an order of the Superior Court of Los Angeles County, Curtis B. Rappe, Judge.  Reversed with directions.

Richard D. Miggins, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee and Idan Ivri, Deputy Attorneys General, for Plaintiff and Respondent.

Ricardo Hernandez appealed from the superior court's order denying his petition for resentencing under Penal Code section 1170.95.[1] He contended the court, after issuing an order to show cause under section 1170.95, subdivision (c), erred by applying an incorrect standard of proof when ruling, under section 1170.95, subdivision (d)(3), the prosecution proved he was ineligible for resentencing. Hernandez argued that, in requiring the prosecution merely to prove he could still be convicted of murder under changes in the law effected January 1, 2019 by Senate Bill No. 1437 (Stats. 2018, ch. 1015, § 4), the court applied a standard of proof "equivalent to the substantial evidence standard." Hernandez argued the correct standard requires the court, acting as an independent factfinder, to determine whether the prosecution proved beyond a reasonable doubt the defendant is guilty of murder on a theory that is valid under current law. The People conceded (as the record shows) the superior court applied a substantial evidence standard, but the People argued that is the correct standard.

In a prior opinion, we held the superior court applied the wrong standard. We stated section 1170.95 required the prosecutor to prove beyond a reasonable doubt each element of first or second degree murder under current law to establish a petitioner's ineligibility for relief under that statute. We explained that, in evaluating whether the prosecutor has met this burden, the court must act as an independent factfinder and determine whether the evidence establishes the petitioner would be guilty of murder under the law as amended by Senate Bill No. 1437. Therefore, we reversed the superior court's order denying Hernandez's petition and directed the superior court to

---

[1] Statutory references are to the Penal Code.

2

make a determination under section 1170.95, subdivision (d)(3), applying the correct, beyond-a-reasonable-doubt standard.

The People filed a petition for review. The Supreme Court granted review and transferred the case to us with directions to vacate our decision and reconsider the matter in light of amendments to section 1170.95 by Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2), which, among other things, confirmed that the standard of proof at the hearing on an order to show cause under section 1170.95 is proof beyond a reasonable doubt. The People filed a supplemental brief stating that the superior court applied an erroneous standard, that "[i]t is unclear based on the record here that the error was harmless," and that "reversal and remand for a new hearing under the correct standard is appropriate"

The Supreme Court directed us to reconsider the appeal in light of Senate Bill No. 775. That law, like our prior opinion, provides that the standard of proof at the hearing on the order to show cause is proof beyond a reasonable doubt and that a "finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).) We agree with the People that the superior court erred in not applying this standard and that the error was not harmless.

Disposition:  The superior court's order denying Hernandez's petition is reversed, and the superior court is directed to make a determination under section 1170.95, subdivision (d)(3), applying the correct, beyond-a-reasonable-doubt standard.


SEGAL, J.


We concur:


PERLUSS, P. J.


FEUER, J.

4